UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------

UNITED STATES OF AMERICA,

                      Plaintiff,

  -v-                                     3:14-CV-00692

DEBRA J. CHAPMAN,

                      Defendant.

-------------------------------------

APPEARANCES:                                               OF COUNSEL:

MANFREDI LAW GROUP, PLLC               JOHN S. MANFREDI, ESQ.
Attorneys for Plaintiff
302 East 19th Street, Suite 2A
New York, NY 10003

OFFICE MARY JANE MURPHY               MARY JANE MURPHY, ESQ.
Attorneys for Defendant
81 State Street, Suite 508
Binghamton, NY 13901

DAVID N. HURD
United States District Judge

## MEMORANDUM–DECISION and ORDER

## I. INTRODUCTION

On June 10, 2014, the United States of America (the "Government") filed this action against defendant Debra J. Chapman ("Chapman" or "defendant"), seeking to recover the outstanding debt allegedly owed on a defaulted federal student loan. The Government has moved for summary judgment pursuant to Federal Rule of Civil Procedure ("Rule") 56.

Defendant opposes.  The motion was considered on the basis of its submissions without oral argument.

## II. BACKGROUND

On April 10, 2000, Chapman allegedly executed a promissory note to secure a federal student loan to finance her daughter's education at the Ridley-Lowell School of Business in Binghamton, New York.  Gov.'s Mem. Supp. Summ. J., Ex. A, ECF No. 8-1 ("Promissory Note").  Defendant allegedly defaulted on this loan obligation on April 3, 2002.  See Gov.'s Mem. Supp. Summ. J., Ex. B, ECF No. 8-2.  According to a Certificate of Indebtedness ("COI") submitted by the Government and signed by a U.S. Department of Education Loan Analyst on May 21, 2014, defendant owes $2,895.99 in principal and interest, with interest accruing at $0.17 per day thereafter.[1]  Id.

## III. DISCUSSION

### A. Motion for Summary Judgment—Legal Standard

The entry of summary judgment is warranted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (citing FED. R. CIV. P. 56(c)); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986).  A fact is "material" for purposes of this inquiry if it "might affect the outcome of the suit under the governing law."  Anderson, 477 U.S. at 248; see also Jeffreys v. City of N.Y., 426 F.3d 549,

---

[1] These allegations are substantiated by a July 31, 2014 affidavit submitted by Loan Analyst Alberto Francisco.  See generally Francisco Aff., ECF No. 9.

553 (2d Cir. 2005). A material fact is genuinely in dispute "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248.

When deciding a summary judgment motion, a court must resolve any ambiguities and draw all inferences from the facts in a light most favorable to the non-moving party. Jeffreys, 426 F.3d at 553. Summary judgment is inappropriate where "review of the record reveals sufficient evidence for a rational trier of fact to find in the [non-movant's] favor." Treglia v. Town of Manlius, 313 F.3d 713, 719 (2d Cir. 2002) (citations omitted); see also Anderson, 477 U.S. at 250 (summary judgment is appropriate only when "there can be but one reasonable conclusion as to the verdict").

### B. Statute of Limitations and Laches

As an initial matter, Chapman asserts that the statute of limitations on this alleged debt has run; alternatively, she maintains that the equitable defense of laches applies to bar the Government's recovery. Def.'s Opp'n Mem. 1-2.[2] The Government responds that Congress eliminated all statutes of limitation, as well as the defense of laches, on actions to collect defaulted federal student loan debt. Gov.'s Mem. ¶¶ 23-35.

The Government is correct on both points. "The Higher Education Technical Amendments of 1991 ("HETA") . . . eliminates any applicable statutes of limitation in student loans cases." United States v. Pelt, 2013 WL 1173898, at *5 (E.D.N.Y. Mar. 18, 2013) (citation and explanatory parenthetical omitted). Likewise, "[v]irtually every Court that has addressed the issue has ruled that Congress also intended to eliminate the defense of laches in student loans cases." Id. (collecting cases); see also United States v. Husbands,

---

[2] Specific page numbers cited in this decision reflect the pagination assigned by CM/ECF.

2012 WL 1714864, at *3 (E.D.N.Y. May 15, 2012) (finding that laches does not provide a defense for defaulted student loans even if the Government pursues the case long after the loan entered default). Accordingly, neither of these defenses can provide the relief Chapman seeks.

### C. Government's Claim

The Government contends it is entitled to summary judgment because the promissory note, affidavit, proof of default, and COI "establish [its] prima facie entitlement to judgment as a matter of law" and asserts that Chapman's answer "consists of general denials and affirmative defenses in conclusory form." Gov.'s Mem. ¶¶ 11, 16.

"In general, the [Government] may demonstrate the existence of student loans by providing promissory notes and may demonstrate that the loans remain unpaid by providing certificates of indebtedness." Pelt, 2013 WL 1173898, at *6 (collecting cases). The Government has done so here—it has submitted a copy of the "Federal Direct PLUS Loan Application and Promissory Note" bearing the signature of "Debra Chapman" as well as a COI indicating that Chapman's debt remains unpaid.

"When these documents are uncontested, courts in this Circuit have usually held that they are sufficient to justify granting summary judgment." Id. (citations omitted); see also Husbands, 2012 WL 1714864, at *2 (granting summary judgment where "[d]efendant [did] not dispute that he executed the promissory note"); United States v. Benitez, 2010 WL 3528546, at *2 (E.D.N.Y. Sept. 3, 2010) (granting same where defendant failed to "affirmatively deny that the promissory notes contain[ed] his signature" and noting that mere "failure to recall" taking out student loans is insufficient).

However, the Government's proffered documents are not "uncontested" here. Chapman asserts in an affidavit that she "never signed a promissory note, nor took out a loan" and recalls being "advised that [she] did not qualify to get a parent loan." Chapman Aff., ECF No. 10-5, ¶¶ 2-3. These statements, sworn to in an affidavit, are more than mere equivocations or a simple "failure to recall." Viewing the evidence in the light most favorable to defendant, the nonmovant here, and given that the alleged loan was secured on behalf of defendant's daughter, Laura Chapman, the circumstances give rise to a genuine factual dispute. Accordingly, the Government's motion for summary judgment will be denied.

Therefore, it is

ORDERED that

1. The Government's motion for summary judgment is DENIED.

IT IS SO ORDERED.

_____
United States District Judge

Dated: September 18, 2014.
       Utica, New York.